AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☑ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

─── OFFENSE CHARGED ───

18 U.S.C. § 371 - Conspiracy to Commit Mail Fraud

*E-filing*

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

5 years imprisonment, 3 year supervised release, $250,000 fine, $100 special assessment

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

~~FILED~~
~~2007 SEP 10 PM 3: 42~~

─── DEFENDANT - U.S. ───

▶ RAYLYNN S. BROOKS

DISTRICT COURT NUMBER

CR07-00578  MJJ

─────── PROCEEDING ───────

Name of Complaintant Agency, or Person (&Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

} SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

**SCOTT N. SCHOOLS**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   AUSA W. DOUGLAS SPRAGUE

─────── DEFENDANT ───────

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney

2

3      E-filing

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                OAKLAND DIVISION

11

12  UNITED STATES OF AMERICA,      )   CR 07-00578

13       Plaintiff,                )   VIOLATION: 18 U.S.C. § 371 – Conspiracy
                                    )   to Commit Mail Fraud
14       v.                        )
                                    )
15                                  )
    RAYLYNN S. BROOKS,             )   OAKLAND VENUE
16                                  )
         Defendant.                )
17                                  )
                                    )
18  _____)

19                  I N F O R M A T I O N

20  The United States Attorney charges:

21                    INTRODUCTION

22      At all times material to this Indictment:

23            Relevant Entities and Individuals

24      1.      The California Department of Motor Vehicles ("DMV") registers vehicles in

25  California and licenses their drivers.  The DMV also issues identification cards for individuals.

26  The DMV is a political subdivision of the State of California and is primarily funded by vehicle

27  registration and licensing fees paid by residents and licensees of the State of California.

28      2.      From in or about September 2001, Marla Robinson was an employee of the DMV

INFORMATION

1  and of the State of California.  Beginning in or about October 2003, she was employed at the

2  DMV's field office at 5300 Claremont Avenue, Oakland, California (the "Claremont DMV").  In

3  that capacity, and as set forth below, defendant Robinson owed a duty to provide honest services

4  to the DMV, the State of California, and the people of California.

5       3.    Jose Ramirez was an individual residing in Oakland, California, and the husband

6  of defendant Raylynn Brooks.

7  Robinson's Duty To Provide Honest Services

8       4.    As set forth in more detail in the following paragraphs, employees of the State of

9  California, including DMV employees, owed a duty to provide honest services to their employer

10  and to the people of the State of California.

11       5.    Certain California laws regarding bribery governed the conduct of employees

12  of the State of California, including DMV employees.  For example:

13       a.    Pursuant to California Penal Code Section 68, employees of the State of

14  California were prohibited from asking to receive, agreeing to receive, or receiving any bribe (as

15  defined in California Penal Code Section 7) upon any agreement or understanding that the

16  employee's action upon any matter in the employee's official capacity shall be influenced by

17  such a bribe.

18       b.    Pursuant to California Penal Code Section 67.5, individuals were

19  prohibited from giving or offering anything of value as a bribe (as defined in California Penal

20  Code Section 7) to any employee of the State of California.

21       c.    Pursuant to California Penal Code Section 70, employees of the State of

22  California were prohibited from knowingly asking to receive, agreeing to receive, or receiving

23  any unauthorized emolument, gratuity, reward, or promise thereof for performing any official act.

24       6.    The conduct of employees of the State of California was also governed by

25  California Government Code Section 19572.  Section 19572 provided that disciplinary action

26  may be taken against employees of the State of California as a result of that employee's

27  inexcusable neglect of duty, dishonesty, misuse of state property, and violation of California

28  Government Code Section 19990.

INFORMATION        2

7.    California Government Code Section 19990, in turn, prohibited employees of the State of California from engaging in any activity or enterprise which was clearly inconsistent with, incompatible to, in conflict with, or inimical to that employee's duties as a state employee. Section 19990 expressly prohibits state employees from engaging in the following activities, among others:

a.    Using state time, facilities, equipment, or supplies for private gain or advantage.

b.    Using, or gaining access to, confidential information available by virtue of state employment for private gain or advantage or providing confidential information to persons not authorized to receive this information.

c.    Receiving or accepting money or any other consideration from anyone other than the state for the performance of his or her duties as a state employee. Section 19990 also directed departments, including the DMV, to determine activities which were inconsistent, incompatible, in conflict with, or inimical to an employee's duties as a state employee.

8.    Pursuant to Section 19990, the DMV determined and set forth what activities were inconsistent, incompatible, in conflict with, or inimical to that employee's duties as a state employee. As set forth in a document titled "Statement of Incompatible Activities" signed by DMV employees, including Robinson, DMV employees were prohibited from engaging in the following activities:

a.    Directly or indirectly soliciting or accepting anything of value from anyone other than the state for the performance of any duties the employee is required to perform as a result of their employment with the state.

b.    Directly or indirectly soliciting, seeking, receiving, or accepting any gift or thing of value (including money) if it can be reasonably substantiated that the thing of value was intended to influence the performance of official duties or actions.

c.    Using or attempting to use for private gain or advantage, or for the gain or advantage of another, either during or outside of office hours, any departmental symbol, records, information, equipment, supplies, or influence of a DMV position unless such advantage is

INFORMATION                    3

1  available to other state employees.

2           d.      Using their position for personal gain by misappropriating or improperly

3  using or disclosing departmental records, documents, or information.

4           e.      Processing any type of departmental transaction for themselves, relatives,

5  or personal acquaintances.

6                          The Scheme to Defraud

7      9.      Beginning no later than June 2005, and continuing through on or about

8  July 29, 2005, in the Northern District of California and elsewhere, defendant

9                          RAYLYNN BROOKS,

10 did conspire to devise and to participate in a scheme and artifice to defraud the California

11 Department of Motor Vehicles, the State of California, and the people of the State of California,

12 of money, property, and the intangible right to the honest services of Marla Robinson, by means

13 of materially false and fraudulent pretenses, representations, and promises, and material

14 omissions, and, in doing so, knowingly caused the United States mails to be used for the purpose

15 of executing this scheme, as further described below.

16                  Manner and Means of the Scheme and Conspiracy

17     10.      It was part of the scheme and conspiracy that Jose Ramirez recruited clients

18 who were willing to pay $1000 to $1500 to obtain a fraudulent California driver license. It was

19 part of the scheme that Jose Ramirez brought these clients to the Claremont DMV. It was further

20 part of this scheme that defendant, Raylynn Brooks, obtained DMV "receipts" for these clients

21 from Marla Robinson and without the clients even entering the DMV. It was further part of the

22 scheme that the clients took these fraudulent "receipts" into the DMV, where defendant

23 Robinson processed these clients' driver licenses. In doing so, however, defendant Robinson

24 knowingly and willfully violated California laws and failed to follow DMV procedures and

25 requirements by, for example, allowing clients to circumvent the requirements that they take and

26 pass a written examination and a driving test and by issuing driver licenses bearing the

27 photographs of these clients but certain biographical information (including the name) of other

28 individuals. Robinson bypassed these procedures and entered fictitious information into the

INFORMATION                    4

DMV database, thereby causing fraudulent driver licenses to be issued for, and mailed to, these clients. In furtherance of the scheme and conspiracy and to achieve the objects thereof, defendant or her co-conspirators committed the overt acts described below in the Northern District of California.

### Overt Acts

11.    In or about June 2005, defendant Brooks agreed with co-conspirator Robinson that Brooks and Brooks's husband, Ramirez, would send clients to Robinson in the DMV so Robinson could process fraudulent driver license's for these clients in return for cash bribes.

12.    In June 2005, co-conspirator Ramirez told Antonio L., who was not legally in the United States, that Ramirez could provide Antonio with a driver license for $1000. Ramirez provided his phone number to Antonio L.

13.    On or about July 7, 2005, Ramirez met Antonio L. in the parking lot at the Claremont DMV. Ramirez provided Antonio with a DMV receipt and instructed Antonio to go straight to the line for photographs. Ramirez accepted $1000 for his role in obtaining a fraudulent driver license for Antonio L.

14.    On or about July 7, 2005, co-conspirator Robinson processed a driver license bearing Antonio's photograph and address, but bearing someone else's name and date of birth.

15.    On or about July 7, 2005, defendant and her co-conspirators caused Antonio L.'s permanent and fraudulent driver license to be mailed via United States mails.

All in violation of Title 18, United States Code, Section 371.

//

DATED:      September 10, 2007                SCOTT N. SCHOOLS
                                              United States Attorney


                                              W. DOUGLAS SPRAGUE
                                              Assistant United States Attorney

INFORMATION                          5