SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

W. DOUGLAS SPRAGUE (CSBN 202121)
Assistant U.S. Attorney

  1301 Clay Street; Suite 340-S
  Oakland, California 94612
  Phone: 510/637-3771
  Fax: 510/637-3724
  e-mail:   doug.sprague@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> MARLA ROBINSON and ) <br> JOSE RAMIREZ, ) <br> ) <br>     Defendants. ) <br> _____ ) | No. CR 06-00146 DLJ <br> [Filed March 9, 2006] |
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> RAYLYNN S. BROOKS, ) <br> ) <br>     Defendant. ) <br> _____ ) | No. CR 07-00578 MJJ <br> [Filed September 10, 2007] <br> <br> NOTICE OF RELATED CASE <br> IN A CRIMINAL ACTION <br> <br> (Oakland Venue) |

    Pursuant to Criminal Local Rule 8-1, the United States of America hereby notifies the Court that the two above-captioned criminal cases are related.

    The earlier filed case, United States v. Marla Robinson and Jose Ramirez (CR 06-00146 DLJ), alleges, in summary, that defendants Robinson and Ramirez engaged in a scheme to

NOTICE OF RELATED CASES

1  deprive the California Department of Motor Vehicles of the right to the honest services of
2  defendant Robinson.  More specifically, the Indictment in that case alleges that Ramirez recruited
3  individuals who were not citizens and who were not lawfully in the United States and offered to
4  sell them California driver licenses and California identification cards for thousands of dollars.
5  After accepting some of the bribe payment, Ramirez referred his clients to Robinson, who was
6  employed at a DMV branch office in Oakland.  Robinson, in exchange for cash bribes delivered
7  to her, then met with Ramirez's clients inside the DMV, where Robinson entered false
8  information into the DMV computer system to reflect that these clients had presented proof of
9  residence in the United States and that they had passed the required driving, written, and vision
10 examinations, when, in fact, the clients had not presented such documentation or even taken such
11 tests.
12       The allegations set forth in the Information filed in the later-filed case, United States v.
13 Raylynn Brooks (CR 07-00578 MJJ), are almost identical to the allegations against Robinson and
14 Ramirez.  Indeed, the only material difference is that Brooks is alleged to have conspired with
15 Robinson and Ramirez and to have participated in the same scheme charged against Robinson
16 and Ramirez, the latter of whom is and was Brooks' husband.
17       Both of these cases concern the same defendants and the same alleged events,
18 occurrences, transactions and property.  See Criminal Local Rules 8-1(b)(1) and (c)(3).  Both of
19 these cases appear likely to entail substantial duplication of labor if heard by different judges.
20 See Criminal Local Rules 8-1(b)(2) and (c)(3).
21       For these reasons, the government submits that assignment to one judge is highly likely to
22 conserve judicial resources and promote an efficient determination of the action.  See Local
23 Criminal Rule 8-1(b)(4).
24 Date:   September 10, 2007                    Respectfully Submitted,
25                                               SCOTT N. SCHOOLS
26
27                                                  /s/
                                                  W. DOUGLAS SPRAGUE
28                                                Assistant U.S. Attorney

NOTICE OF RELATED CASES