**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

Ronald V. Dellums Federal Building
1301 Clay Street, Suite 340S                    (510) 637-3680
Oakland, California 94612-5217                  FAX:(510) 637-3724

September 12, 2007

**VIA HAND DELIVERY**

Honorable Wayne D. Brazil
United States Magistrate Judge
1301 Clay Street; Courtroom # 4
Oakland, California 94612

    Re:    United States v. Raylynn Brooks: CR 07-00578 DLJ

Dear Judge Brazil:

    On September 10, 2007, the government filed an Information against defendant Raylynn Brooks. (Copies of that Information and corresponding Penalty Sheet are attached.) That case was assigned to Judge Jenkins, but today Judge Jensen signed a Related Case Order reassigning that matter to himself. (A copy of the Related Case Order is also attached hereto.) Defendant Brooks is scheduled to enter a guilty plea to the Information before Judge Jensen this Friday, September 14. Accordingly, the parties request that this matter be placed on Your Honor's calendar this Friday, September 14, at 10:00 a.m. for Ms. Brooks' initial appearance and arraignment, after which the parties will proceed to Judge Jensen's courtroom.

    Thank you for your consideration of this matter.

    Sincerely,

    SCOTT N. SCHOOLS
    United States Attorney

    By_____
    W. DOUGLAS SPRAGUE
    Assistant U.S. Attorney

Encs.

cc:    Jerome Matthews (w/o encs.)
    Frances Stone (w/o encs.)

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

ORIGINAL
FILED

SEP 1 0 2007

RICHARD W. WYCKING
NO[...]
[...] CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CR07-00578 MJJ |
|---|---|
| Plaintiff, | ) VIOLATION: 18 U.S.C. § 371 – Conspiracy to Commit Mail Fraud |
| v. | ) |
| RAYLYNN S. BROOKS, | ) OAKLAND VENUE |
| Defendant. | ) |

## INFORMATION

The United States Attorney charges:

### INTRODUCTION

At all times material to this Indictment:

#### Relevant Entities and Individuals

1. The California Department of Motor Vehicles ("DMV") registers vehicles in California and licenses their drivers. The DMV also issues identification cards for individuals. The DMV is a political subdivision of the State of California and is primarily funded by vehicle registration and licensing fees paid by residents and licensees of the State of California.

2. From in or about September 2001, Marla Robinson was an employee of the DMV

INFORMATION

and of the State of California. Beginning in or about October 2003, she was employed at the DMV's field office at 5300 Claremont Avenue, Oakland, California (the "Claremont DMV"). In that capacity, and as set forth below, defendant Robinson owed a duty to provide honest services to the DMV, the State of California, and the people of California.

3. Jose Ramirez was an individual residing in Oakland, California, and the husband of defendant Raylynn Brooks.

### Robinson's Duty To Provide Honest Services

4. As set forth in more detail in the following paragraphs, employees of the State of California, including DMV employees, owed a duty to provide honest services to their employer and to the people of the State of California.

5. Certain California laws regarding bribery governed the conduct of employees of the State of California, including DMV employees. For example:

    a. Pursuant to California Penal Code Section 68, employees of the State of California were prohibited from asking to receive, agreeing to receive, or receiving any bribe (as defined in California Penal Code Section 7) upon any agreement or understanding that the employee's action upon any matter in the employee's official capacity shall be influenced by such a bribe.

    b. Pursuant to California Penal Code Section 67.5, individuals were prohibited from giving or offering anything of value as a bribe (as defined in California Penal Code Section 7) to any employee of the State of California.

    c. Pursuant to California Penal Code Section 70, employees of the State of California were prohibited from knowingly asking to receive, agreeing to receive, or receiving any unauthorized emolument, gratuity, reward, or promise thereof for performing any official act.

6. The conduct of employees of the State of California was also governed by California Government Code Section 19572. Section 19572 provided that disciplinary action may be taken against employees of the State of California as a result of that employee's inexcusable neglect of duty, dishonesty, misuse of state property, and violation of California Government Code Section 19990.

INFORMATION      2

7. California Government Code Section 19990, in turn, prohibited employees of the State of California from engaging in any activity or enterprise which was clearly inconsistent with, incompatible to, in conflict with, or inimical to that employee's duties as a state employee. Section 19990 expressly prohibits state employees from engaging in the following activities, among others:

    a. Using state time, facilities, equipment, or supplies for private gain or advantage.

    b. Using, or gaining access to, confidential information available by virtue of state employment for private gain or advantage or providing confidential information to persons not authorized to receive this information.

    c. Receiving or accepting money or any other consideration from anyone other than the state for the performance of his or her duties as a state employee. Section 19990 also directed departments, including the DMV, to determine activities which were inconsistent, incompatible, in conflict with, or inimical to an employee's duties as a state employee.

8. Pursuant to Section 19990, the DMV determined and set forth what activities were inconsistent, incompatible, in conflict with, or inimical to that employee's duties as a state employee. As set forth in a document titled "Statement of Incompatible Activities" signed by DMV employees, including Robinson, DMV employees were prohibited from engaging in the following activities:

    a. Directly or indirectly soliciting or accepting anything of value from anyone other than the state for the performance of any duties the employee is required to perform as a result of their employment with the state.

    b. Directly or indirectly soliciting, seeking, receiving, or accepting any gift or thing of value (including money) if it can be reasonably substantiated that the thing of value was intended to influence the performance of official duties or actions.

    c. Using or attempting to use for private gain or advantage, or for the gain or advantage of another, either during or outside of office hours, any departmental symbol, records, information, equipment, supplies, or influence of a DMV position unless such advantage is

INFORMATION                       3

1 available to other state employees.

2    d. Using their position for personal gain by misappropriating or improperly using or disclosing departmental records, documents, or information.

   e. Processing any type of departmental transaction for themselves, relatives, or personal acquaintances.

## The Scheme to Defraud

9. Beginning no later than June 2005, and continuing through on or about July 29, 2005, in the Northern District of California and elsewhere, defendant

RAYLYNN BROOKS,

did conspire to devise and to participate in a scheme and artifice to defraud the California Department of Motor Vehicles, the State of California, and the people of the State of California, of money, property, and the intangible right to the honest services of Marla Robinson, by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, and, in doing so, knowingly caused the United States mails to be used for the purpose of executing this scheme, as further described below.

## Manner and Means of the Scheme and Conspiracy

10. It was part of the scheme and conspiracy that Jose Ramirez recruited clients who were willing to pay $1000 to $1500 to obtain a fraudulent California driver license. It was part of the scheme that Jose Ramirez brought these clients to the Claremont DMV. It was further part of this scheme that defendant, Raylynn Brooks, obtained DMV "receipts" for these clients from Marla Robinson and without the clients even entering the DMV. It was further part of the scheme that the clients took these fraudulent "receipts" into the DMV, where defendant Robinson processed these clients' driver licenses. In doing so, however, defendant Robinson knowingly and willfully violated California laws and failed to follow DMV procedures and requirements by, for example, allowing clients to circumvent the requirements that they take and pass a written examination and a driving test and by issuing driver licenses bearing the photographs of these clients but certain biographical information (including the name) of other individuals. Robinson bypassed these procedures and entered fictitious information into the

INFORMATION            4

1  DMV database, thereby causing fraudulent driver licenses to be issued for, and mailed to, these
2  clients. In furtherance of the scheme and conspiracy and to achieve the objects thereof,
3  defendant or her co-conspirators committed the overt acts described below in the Northern
4  District of California.

### Overt Acts

6  11.  In or about June 2005, defendant Brooks agreed with co-conspirator Robinson
7  that Brooks and Brooks's husband, Ramirez, would send clients to Robinson in the DMV so
8  Robinson could process fraudulent driver license's for these clients in return for cash bribes.

9  12.  In June 2005, co-conspirator Ramirez told Antonio L., who was not legally in the
10 United States, that Ramirez could provide Antonio with a driver license for $1000. Ramirez
11 provided his phone number to Antonio L.

12 13.  On or about July 7, 2005, Ramirez met Antonio L. in the parking lot at the
13 Claremont DMV. Ramirez provided Antonio with a DMV receipt and instructed Antonio to go
14 straight to the line for photographs. Ramirez accepted $1000 for his role in obtaining a
15 fraudulent driver license for Antonio L.

16 14.  On or about July 7, 2005, co-conspirator Robinson processed a driver license
17 bearing Antonio's photograph and address, but bearing someone else's name and date of birth.

18 15.  On or about July 7, 2005, defendant and her co-conspirators caused Antonio L.'s
19 permanent and fraudulent driver license to be mailed via United States mails.

20 All in violation of Title 18, United States Code, Section 371.
21 //

22 DATED:    September 10, 2007          SCOTT N. SCHOOLS
                                          United States Attorney

                                          W. DOUGLAS SPRAGUE
                                          Assistant United States Attorney

INFORMATION                                5

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☑ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

SEP 10 2007

RICHARD W. WIEKING
CLERK
NORTHERN DISTRICT OF CALIFORNIA

---- OFFENSE CHARGED ----

18 U.S.C. § 371 - Conspiracy to Commit Mail Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
5 years imprisonment, 3 year supervised release, $250,000 fine, $100 special assessment

---- DEFENDANT - U.S. ----

▶ RAYLYNN S. BROOKS

DISTRICT COURT NUMBER

CR07-00578 MJJ

---- PROCEEDING ----

Name of Complainant Agency, or Person (&Title, if any)
FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    SCOTT N. SCHOOLS
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  AUSA W. DOUGLAS SPRAGUE

---- DEFENDANT ----

IS *NOT* IN CUSTODY
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No    If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RELATED CASE ORDER

**FILED**
SEP 1 2 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

A Notice of Related Cases has been filed that the following cases are related within the meaning of Crim. L.R. 8-1(b):

**CR-06-146-DLJ**         USA-v-Marla Robinson, et al
**CR-07-578-MJJ**         USA-v-Raylynn S. Brooks

**ORDER**

The time for filing a statement to support or oppose the Notice has passed. On the basis of the material submitted to the Court, as the Judge assigned to the earliest filed case, I find that the cases:

[ ]   ARE NOT RELATED as defined by Crim. L.R. 8-1(b).

[ ]   ARE RELATED as defined by Crim. L.R. 8-1(b). I find, however, that reassignment to me of the action(s) currently assigned to another judge is not warranted.

[✓]   ARE RELATED as defined by Crim. L.R. 8-1(b). Pursuant to Crim. L.R. 8-1(e), the Clerk of Court is ordered to reassign the later-filed action to the undersigned. Counsel are instructed that all future filings are to bear the initials **DLJ** immediately after the case number. All matters presently scheduled for hearing in the reassigned case(s) are vacated and must be renoticed for hearing before the undersigned.

DATED: 9-12-07

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record in the cases listed above.

Richard W. Wieking, Clerk

DATED: 9/12/07

By: Kelly Collins
Deputy Clerk

Copies to: Courtroom Deputies
           Case Systems Administrators
           Counsel of Record
Entered into Assignment Program:
                    (date)